UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**HARTIE SAMPSON**                                           **CASE NO. 3:23-CV-01436**

**VERSUS**                                                                   **JUDGE TERRY A. DOUGHTY**

**ALLSTATE INSURANCE CO**                **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM RULING**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 12] filed by Defendant, Allstate Insurance Company ("Allstate" or "Defendant"). The Motion is unopposed.

Having considered the Motion and record before the Court, and for the reasons set forth below, **IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that the Motion is **GRANTED**.

    **I.**      **FACTS AND PROCEDURAL BACKGROUND**

This case arises from an insurance claim for damages related to Hurricane Ida.[1] Plaintiff, Hartie Sampson ("Sampson" or "Plaintiff") had a Renewal Deluxe Homeowners Policy with Allstate.[2] Section I of this policy provides several conditions for coverage, including:

> 3. What You Must Do After A Loss
> In the event of a loss to any property that may be covered by this policy, you must:
> a) promptly give us or our agent notice. …
> b) protect the property from further loss. …
> c) separate damaged from undamaged personal property. Give us a detailed list of the damaged, destroyed or stolen property, showing the quantity, cost, actual cash value and the amount of loss claim.

---

[1] [Doc. No. 1]; [Doc. No. 12]. The Court notes that Defendant has referenced a claim allegedly related to damages caused by Hurricanes Laura and Delta. Evidence of those claims is not before the Court, and Plaintiff's complaint only referenced Hurricane Ida. Accordingly, the Court shall not consider Defendant's discussion of these damages or make any ruling related to those damages.

[2] [Doc. No. 12-3, p. 2].

    d) give us all accounting records, bills, invoices and other vouchers, or certified copies, which we may reasonably request to examine and permit us to make copies.
    e) produce receipts for any increased costs to maintain your standard of living while you reside elsewhere, and records supporting any claim for loss of rental income.
    f) as often as we reasonably require:
        1) show us the damaged property.
        2) at our request, submit to examinations under oath …
        3) produce representatives, employees, members of the insured's household or others to the extent it is within the insured person's power to do so; and
    g) within 60 days after the loss, give us a signed, sworn proof of loss.[3]

A policy endorsement modifies Condition (g) as follows:

> For losses that arise due to a catastrophic event for which a state of disaster or emergency is declared … for those areas within the declaration, the time limit for the submission of proof of loss is extended to 180 days. The 180 day time period shall not commence as long as the declaration of disaster or emergency is in existence and civil officials are denying you access to the property.[4]

Additionally, the Allstate Insurance Company policy includes an Amendatory Endorsement that states as follows:

> In the Section I Policy Conditions, the Suit Against Us provision is replaced by the following:
> Suit Against Us:
> Any suit or action must be brought within 24 months after the inception of loss or damage.[5]

Hurricane Ida made landfall on August 29, 2021.[6] On August 28, 2023, Sampson filed suit against Allstate in state court.[7] Allstate contends that this suit was Allstate's first official

---

[3] [Doc. No. 12-3, p. 5-6 (emphasis removed)].
[4] [Doc. No. 12-3, p. 4].
[5] [Doc. No. 12-3, p. 7 (emphasis removed)].
[6] [Doc. No. 12-2, ¶ 2].
[7] [Doc. No. 4-5].

2

notice of Sampson's insurance claim.[8] In this petition, Sampson asserted that Allstate failed to pay the insurance claim despite receiving a "timely presentation of thorough proofs … from a variety of reputable sources" and despite Plaintiff calling Defendant multiple times and requesting "revised estimates."[9] Sampson alleged three total causes of action.[10] First, Sampson alleged Defendant violated La. R.S. § 22:1973 because Allstate refused to pay Sampson after receiving a satisfactory proof of loss.[11] Second, Sampson alleged Defendant violated La. R.S. § 22:1892 by failing to pay or make a written offer to settle Sampson's claim after receiving a satisfactory proof of loss.[12] Finally, Sampson alleged that Defendant breached the insurance policy by failing to perform its obligations under the insurance policy.[13]

On October 11, 2023, Allstate removed the action to this Court.[14] On February 21, 2024, Allstate filed this Motion.[15] Allstate contends that Plaintiff did not timely file a claim or submit a proof of loss for the damages allegedly caused by Hurricane Ida.[16] Accordingly, Allstate seeks summary dismissal of all claims filed by Plaintiff against it.[17]

The issues have been briefed, and the Court is prepared to rule.

## II.   LAW AND ANALYSIS

### A. Standard of Review

Under FED. R. CIV. P. 56(a), "[a] party may move for summary judgment, [and] [t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to

---

[8] [Doc. No. 12-1, p. 2]. The Court notes that Allstate mentioned it received a letter of suspension regarding one of Plaintiff's lawyers and that it attempted to conduct an inspection after receipt of this letter. The Court shall not consider these assertions in this Motion because Defendant submitted no evidence to support these contentions.
[9] [Doc. No. 4-5, p. 7].
[10] [Doc. No. 4-5, p. 7-9].
[11] [Doc. No. 4-5, p. 7-8].
[12] [Doc. No. 4-5, p. 8].
[13] [Doc. No. 4-5, p. 9].
[14] [Doc. No. 1].
[15] [Doc. No. 12].
[16] [Doc. No. 12-1, p. 2-3].
[17] [Doc. No. 12-1, p. 5].

any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, 2001 WL 1910556, at 5-6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id*. at 1 and n.2; see also *Thompson v. Eason*, 258 F. Supp. 2d

508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). See also: *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex.) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence.").

The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Further, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). Courts "may not make credibility determinations or weigh the evidence" at the summary judgment stage and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state.

### B. La. R.S. § 22:1973

La. R.S. § 22:1973 provides that "[a]n insurer … owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both." Relevant here, an insurer may breach this statute by knowingly:

> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof

5

of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.[18]

Here, Sampson alleges that Allstate breached these duties because it refused to pay Sampson after receiving a satisfactory proof of loss and that such failure was arbitrary, capricious, or without probable cause.[19] Allstate asserts that it never received a proof of loss or any notice of Sampson's claim for these damages. Plaintiff has failed to respond to this assertion or to produce any evidence that it submitted a satisfactory proof of loss or otherwise notified Allstate of any damages associated with the claim. Further, it is undisputed that Plaintiff did not report a claim for damages caused by Hurricane Ida as required by the policy.

The Court finds these facts do not indicate a breach of La. R.S. § 22:1973. Without evidence of Allstate receiving any proof of loss, there is no evidence of a violation of this statute. Allstate cannot be said to have knowingly failed to pay Sampson's claim after receiving a satisfactory proof of loss where there is no evidence of such proof of loss having even existed. There thus exists no genuine dispute as to whether Allstate violated this statute, and summary dismissal of this claim is warranted. Accordingly, **IT IS ORDERED** that Plaintiff's claim under La. R.S. § 22:1973 is **DISMISSED WITH PREJUDICE**.

### C. La. R.S. § 22:1892

La. R.S. § 22:1892 provides that "insurers shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest" or "shall make a written offer to settle any property damage claim … within thirty days after receipt of satisfactory proofs of loss of that claim."

---

[18] La. R.S. § 22:1973(B)(5).
[19] [Doc. No. 4-5, p. 7-8].

Here, Sampson alleges Defendant violated this statute by failing to pay or make a written offer to settle Sampson's claim after receiving a satisfactory proof of loss.[20] Again, however, Allstate asserts that it never received a proof of loss or any notice of Sampson's claim for these damages. Plaintiff has failed to respond to this assertion or to produce any evidence that it submitted a satisfactory proof of loss or otherwise notified Allstate of any damages associated with the claim. Further, it is undisputed that Plaintiff did not report a claim for damages caused by Hurricane Ida as required by the policy.

The Court finds these facts do not indicate a breach of La. R.S. § 22:1892. Without evidence of Allstate receiving any proof of loss, there is no evidence of a violation of this statute. Allstate cannot be said to have failed to pay or offer to settle Sampson's claim after receiving a satisfactory proof of loss where there is no evidence of such proof of loss having even existed. There thus exists no genuine dispute as to whether Allstate violated this statute, and summary dismissal of this claim is warranted. Accordingly, **IT IS ORDERED** that Plaintiff's claim under La. R.S. § 22:1892 is **DISMISSED WITH PREJUDICE**.

### D.  Breach of Contract

Sampson's complaint alleges that Defendant breached the insurance policy by failing to perform its obligations under the insurance policy.[21] This complaint referenced Defendant's failure to pay Sampson's claim after receiving proof of damages and notice from Plaintiff regarding the amount of damages. Yet, once again, Sampson has failed to rebut or otherwise respond to Allstate's assertion that it never received a proof of loss or any notice of Sampson's claim for these damages. Further, it is undisputed that Plaintiff did not report a claim for damages caused by Hurricane Ida as required by the policy.

---

[20] [Doc. No. 4-5, p. 8].
[21] [Doc. No. 4-5, p. 9].

The Court finds these facts do not indicate a breach of contract. Plaintiff did not point to any specific policy provisions that were breached by Allstate. Instead, Plaintiff asserted in the complaint that Allstate failed to pay the insurance claim after receiving a proof of loss and estimates from Plaintiff. No evidence has been produced to support this contention. Allstate cannot be said to have breached any provisions relating to such obligations where there is no evidence that Allstate ever received any proof of loss or notice from Plaintiff regarding the estimated damages. There thus exists no genuine dispute as to whether Allstate violated this statute, and summary dismissal of this claim is warranted. Accordingly, **IT IS ORDERED** that Plaintiff's breach of contract claim is **DISMISSED WITH PREJUDICE**.

Because there is no evidence to support any of Plaintiff's claims, **IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, and DECREED** that Defendant's Motion for Summary Judgment [Doc. No. 12] is **GRANTED**, and Plaintiff's claims against Allstate are hereby **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 19th day of March 2024.

Terry A. Doughty
United States District Judge